UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KAREN SUE BIGFORD,

    Plaintiff,

v.

    Case No. 1:23-cv-585

COMMISSIONER OF SOCIAL
SECURITY,

    Hon. Hala Y. Jarbou

    Defendant.
_____/

## **ORDER**

Karen Sue Bigford seeks judicial review under § 205(g) of the Social Security Act, 42 U.S.C. § 405(g), of the Commissioner of Social Security's denial of her Disability Insurance Benefits (DIB).  On April 2, 2024, Magistrate Judge Sally J. Berens issued a Report and Recommendation ("R&R") recommending that the Court affirm the administrative law judge's ("ALJ") decision denying benefits (ECF No. 13).  Before the Court are Bigford's objections to the R&R.  For the reasons herein, the Court will adopt the R&R and affirm the decision of the Commissioner.

### **I. BACKGROUND**

The following background is taken from the R&R and is undisputed.  Bigford alleges she became disabled as of February 15, 2020 due to generalized anxiety disorder, osteoarthritis of the shoulders and legs, major depressive disorder, and issues with her hands and feet.  Her application was denied initially and on reconsideration.  She then requested a hearing before an ALJ.

On April 18, 2022, ALJ Cynthia S. Harmon held a hearing by telephone and received testimony from Bigford and John Stokes, and impartial vocational expert.  On May 5, 2022, the

ALJ issued a written decision finding that Bigford was not disabled. Specifically, the ALJ determined that Bigford retained the ability to perform her past relevant work as a power press tender and general laborer. (ALJ Op. 28, ECF No. 3-2). Additionally, the ALJ found in the alternative that Bigford retained sufficient residual functional capacity to perform "other jobs that exist in significant numbers in the national economy." (*Id.*) The Appeals Council denied Bigford's request for review on April 24, 2023 at which point the ALJ's ruling became the Commissioner's final decision. Bigford then brought this civil action for judicial review on June 6, 2023.

The only issue Bigford raises on appeal is that the ALJ failed to adequately articulate her evaluation of the supportability and consistency of the medical opinion evidence in accordance with 20 C.F.R. § 404.1520c. The magistrate judge reviewed the ALJ's decision and disagreed with Bigford's contention, concluding, "Because the ALJ's findings are supported by substantial evidence, Plaintiff's argument amounts to a request that the Court reweigh evidence, which the Court may not do." (R&R 13.)

## II. STANDARD OF REVIEW

The Court reviews *de novo* portions of the R&R to which a specific objection has been made. *See* 28 U.S.C. § 636(b)(1); Fed R. Civ. P. 72(b). General or blanket objections to the R&R are insufficient. *See Zimmerman v. Cason*, 354 F. App'x 228, 230 (6th Cir. 2009). In conducting its review, the Court "may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*

Under 42 U.S.C. § 405(g), the Court's "review is limited to determining whether the Commissioner's decision is supported by substantial evidence and was made pursuant to proper legal standards." *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Lindsley v. Comm'r of Soc. Sec.*, 560 F.3d 601, 604 (6th Cir. 2009)). "If

2

the Commissioner's decision is based on substantial evidence, [the court] must affirm, even if substantial evidence exists in the record supporting a different conclusion." *Id.*

### III. ANALYSIS

Bigford attacks several aspects of the magistrate judge's reasoning, but her overarching objection is the same as the basis for her appeal—she maintains that the ALJ failed to adequately perform a consistency and supportability analysis of the record medical opinions. Her argument stems from an apparent conflict among four medical sources. Three medical sources, Uchebike Nwankwo, Francis Grubelich, and Saadat Abbasi opined that Bigford could lift and carry 10 pounds frequently and up to 20 pounds occasionally. In contrast, one medical source, Howard D. Bronstein, opined that she could lift and carry 25 pounds frequently and 50 pounds occasionally. If the former medical sources are credited, Bigford would be considered limited to light work, thus potentially rendering her disabled under the Agency's regulations. *See* 20 C.F.R. § 404.1567(b).

According to the ALJ, Nwankwo performed a "consultative examination" in December 2020 and "concluded that the claimant retained the capacity to sit for at least 6 hours total and to stand and/or walk for at least 4 hours total in an 8-hour workday" without the use of an assistive device. (ALJ Op. 27.) Nwankwo also "suggested that the claimant could lift and carry 10 pounds frequently and up to 20 pounds occasionally[.]" (*Id.*) Although Nwankwo noted difficulty in certain physical movements, the doctor found Bigford exhibited "good posture, full range of motion of the bilateral ankles and feet, normal motor strength, . . . and intact sensation[,]" and suggested potential further evaluation with a surgeon. (*Id.* at 18.)

A month later, in January 2021, Grubelich "completed a physical residual functional capacity assessment" and "[a]fter reviewing the record . . . concluded that the claimant retained the capacity to lift and carry 10 pounds frequently and up to 20 pound occasionally, sit for about

3

6 hours total, and stand and/or walk for about 6 hours total[.]" (*Id.* at 27.)  Abbasi reconsidered Grubelich's opinion in November 2021 and agreed with its findings.  (*Id.*)

Finally, Bronstein "completed a physical residual functional capacity assessment" in December 2021 and "concluded that the claimant retained the capacity to lift and carry 25 pounds frequently and up to 50 pounds occasionally, sit for about 6 hours total, and stand and/or walk for about 6 hours total in an 8-hour workday." (*Id.* at 26.)

With respect to Nwankwo, Grubelich, and Abbasi, the ALJ found their opinions "unpersuasive" because they were "inconsistent with the medical evidence and the record as a whole, including the claimant's history of treatment and objective medical studies, the clinical examination findings, the claimant's reported activities of daily living, and Dr. Bronstein's subsequent opinion." (*Id.* at 27-28.)  Specifically with respect to Nwankwo, the ALJ noted that his opinion "was inconsistent with his own evaluation report, which does not contain sufficient clinical examination findings to provide a corroborative basis" and thus it appeared to the ALJ that Nwanwko "may have relied quite heavily on the claimant's subjective report of symptoms and limitations[.]" (*Id.* at 27.)

With respect to Bronstein, the ALJ found his opinions "partially persuasive" as more "generally consistent with the medical evidence and the record as whole" including the "claimant's history of treatment, the objective medical studies, the clinical examination findings, and the claimant's reported activities of daily living." (*Id.* at 26.)

Bigford's primary contention is that the ALJ's analyses of Nwankwo, Grubelich, and Abbasi's opinions fell short of articulation requirements because the ALJ only made vague references to the record as a whole and failed to examine how these medical opinions themselves were consistent with one another.  But the ALJ did more than merely vaguely reference the general

4

record.  For instance, the ALJ stressed that Bigford's complaints of persistent pain were inconsistent with her treatment history, which revealed only intermittent attempts to seek treatment and generally "unremarkable clinical examination findings." (*Id.* at 18.)  The ALJ also noted other medical opinions, such as orthopedic specialist Michael Vaccariello who "observed that the claimant exhibited intact ability to ambulate without a limp or assistive device[,]" and primary care provider Alifa Mohamed who "observed normal extremities, normal strength, normal reflexes and normal sensation." (*Id.*)  The ALJ also noted that Bigford "has reported engaging in several activities that demonstrate her capacity . . . including driving, grocery shopping, preparing simple meals, baking, making coffee, operating a dishwasher, vacuuming, doing laundry," etc. (*Id.* at 20.)  Finally, the ALJ stressed that these three opinions were relatively outdated, particularly compared to the more recent Bronstein opinion.

The ALJ's specific references to portions of the medical record which undercut Nwankwo, Grubelich, and Abbasi's opinions evidence her consideration of the supportability and consistency factors.  This is sufficient, even if the ALJ did not specifically code a particular portion of the record to "consistency" or "supportability."  *See, e.g. Guthrie v. Comm'r of Soc. Sec.*, No. 3:22-cv-1309, 2023 WL 6258259, at *3 (N.D. Ohio Sept. 26, 2023) (observing that the bases of an opinion's supportability and consistency "may necessarily overlap" because "the opinion's support will typically come from other evidence in the record.")  It is clear from the ALJ's opinion how and why these three opinions were inconsistent with and unsupported by the record.

The Court concludes that the ALJ sufficiently analyzed the supportability and consistency factors of each medical opinion.  The analysis may thus end here; however, one additional point bears mentioning.  A brief review of the record undercuts the importance of Nwankwo's lifting restriction observation and provides further evidence for the ALJ's conclusion.  In an apparent

5

reference to Nwankwo's report, Grubelich indicates, "[t]he opinion relies heavily on the subjective report of symptoms and limitations provided by the individual, and the totality of the evidence does not support the opinion."  (Ex. 2A 14, ECF No. 3-3.)  It ends with an assessment of "not disabled" in reference to Bigford's past relevant work.  (*Id.* at 15-16).  Abassi's report ends with the same conclusion.  (Ex. 41 7-8, ECF No. 3-3.)  Thus, Bigford's emphasis on Nwankwo's opinion as to her lifting capacity is unavailing—substantial evidence appears in the record to conclude that she is not disabled within the meaning of the Social Security Act.

The magistrate judge correctly analyzed the issues and reached a sound conclusion.  Bigford's overall objection is unpersuasive, and she identifies no other material error with either the magistrate judge's R&R or the ALJ's opinion.

Accordingly,

**IT IS ORDERED** that the R&R (ECF No. 13) is **APPROVED** and **ADOPTED** as the opinion of this court, supplemented with the analysis contained in this Order.

A judgment will enter according to this Order.


Dated: June 21, 2024                               /s/ Hala Y. Jarbou
                                                   HALA Y. JARBOU
                                                   CHIEF UNITED STATES DISTRICT JUDGE